# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

ANTHONY TUBMAN,                )
                               )
    Petitioner,            )
                               )
v.                             )    Case No. CV414-115
                               )
Warden DOUG WILLIAMS,          )
                               )
    Respondent.            )

## ORDER

Sentenced in 2003 to 20 years' imprisonment upon his guilty plea for forgery and theft by taking, Anthony Tubman seeks 28 U.S.C. § 2254 relief. Doc. 1 at 1. He admits that he filed no direct appeal, *id.* at 2, and in fact "is not appealing [his] conviction, [but instead] is trying to get relief from being held over. . . ." *Id.* at 4. He contends that his sentence has expired and that the state is failing to obey his sentencing judge's time-serve (12 years) and jail-credit directives. *Id.* at 5-6; *see also* doc. 1-1 at 2. Tubman insists he has "written several letters to different administrative offices with no reply." Doc. 1 at 7. He also says that he has filed "a motion in *pro se* requesting credit for time served prior to trial

[but he] has not received an answer of yes or no!" *Id.*; *see also* doc. 1-1 at 6 (March 8, 2013 state court "Motion" in which he "Request[s] Credit For Time Served Prior to Trial").[1] At the same time, he erroneously states that he has *not* "raise[d] this issue through a post-conviction motion or petition for habeas corpus in a state trial court[.]" *Id.* In any event, he seeks "release from prison, because time has expired," and he wants to be "reimbursed for time spent over his expired sentence."[2] *Id.* at 15.

This is not a § 2254 case, as Tubman is challenging the *execution* of a sentence rather than the validity of the underlying conviction or sentence.[3] Such a petition sounds under 28 U.S.C. § 2241, and thus is

---

[1] The Richmond County, Georgia state court docket denotes a January 10, 2014 letter from Tubman, but its content is not accessible online.

[2] This claim fails outright. *Rueb v. Brown,* 504 F. App'x 720, 722-23 (10th Cir. 2012) (state prisoner's claim that defendants and others permanently deprived him of several years of concurrent sentence credit by making misrepresentations in Colorado court proceedings raised a challenge to the execution of prisoner's state sentences, and thus was not cognizable under 42 U.S.C. § 1983, but could only be brought as a habeas petition under 28 U.S.C. § 2241; although prisoner sought only monetary damages, providing the requested relief would have necessarily called into question the duration of prisoner's confinement and the legality of the manner in which his sentences were being executed.

[3] "Challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under 28 U.S.C. § 2241. *Antonelli v. Warden, U.S.P. Atlanta,* 542 F.3d 1348, 1352 (11th Cir. 2008)." *Benitez v. Warden, FCI Miami,* 2014 WL 1716994 at *1 (11th Cir. May 2, 2014) (federal sentence challenge); *see also Calderon v. Flournoy,* 2014 WL 3500064 at * 3 (N.D. Fla. July 15, 2014) (same);

reviewed under 28 U.S.C. § 2243. The Clerk is **DIRECTED** to re-docket this petition as filed under 28 U.S.C. § 2241, not § 2254. *Chasteen v. Mitchem*, 2012 WL 3854573 at * 1 n. 1. (N.D. Ala. July 11, 2012 ).

Tubman's § 2241 petition is subject to the exhaustion doctrine.[4] "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question

---

*Thomas v. Rios*, 548 F. App'x 508, 511 n. 5 (10th Cir. 2013) (state sentence); *Rueb*, 504 F. App'x at 722 ("We conclude that the district court correctly dismissed this claim on the grounds that it raised a challenge to the execution of Plaintiff's state sentences, not the conditions of his confinement, and thus could only be brought as a habeas petition under 28 U.S.C. § 2241").

[4] While 28 U.S.C. § 2241 does not contain an exhaustion requirement similar to that found in 28 U.S.C. § 2254, courts have adopted such a requirement for § 2241 petitions. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (exhaustion is required "in all habeas cases," including those brought pursuant to § 2241); *see Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir.2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir.2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254"). "[T]he [common law exhaustion] requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions." *Fain v. Duff*, 488 F.2d 218, 223-24 (5th Cir.1974); *Moore v. DeYoung*, 515 F.2d 437, 442-43 (3d Cir. 1975) (finding that under principles of federalism, exhaustion is required before pretrial writ can be issued).

A § 2241 petitioner, then, "must exhaust his state remedies by petitioning the highest court in the state in which he is being held 'when such review is part of the ordinary appellate review procedure' in that jurisdiction." *Jackson v. Walker*, 206 F. App'x 967, 968 (11th Cir. 2006) (quoting *Pope v. Rich*, 358 F.3d 852, 853 (11th Cir. 2004)); *Chisholm v. St. Lawrence*, 2012 WL 2191682 at * 1 (S.D. Ga. June 14, 2012).

presented." 28 U.S.C. § 2254(c). Tubman thus must give the Georgia courts "a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Part of the due process Georgia provides is found in its jail credit statute, O.C.G.A. § 17-10-11. "The duty to award credit for time served prior to trial is upon the Department of Corrections rather than the trial court. [A] claim regarding the calculation of credit is cognizable only in a mandamus or injunction action against the Commissioner of the Department of Corrections or in a petition for habeas corpus." *Adams v. State*, 316 Ga. App. 161, 163 (2012). Applying the exhaustion doctrine, Georgia federal courts have directed inmates to seek jail credit in the Georgia courts before invoking federal habeas relief. *Bradford v. Georgia Dept. of Corrections*, 2013 WL 1180947 at * 4 (S.D. Ga. Feb. 21, 2013); *Martin v. Seminole County*, 2011 WL 794216 at * 3 (M.D. Ga. Mar. 2, 2011).

Construing Tubman's *pro se* petition liberally, he arguably contends that his "held-over" claim rises to a constitutional (Due

4

Process, etc.) dimension and that his one-year-plus delay in obtaining a state court ruling should excuse his exhaustion obligation. "State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief." *Cook v. Fla. Parole & Prob. Com'n*, 749 F.2d 678, 680 (11th Cir. 1985); *see also id.* (state's delay of almost three and one-half years in ruling on prisoner's motion for postconviction relief, though unfortunate, was not so unreasonable or unjustified as to excuse requirement that state remedies be exhausted prior to bringing of federal habeas petition, where failure to resolve state motion was attributable to initial clerical error, state's desire to grant prisoner full and fair hearing requiring his presence, and fact that prisoner was incarcerated in different state on separate charge); *Drayton v. Georgia*, 2009 WL 2566992 at *2 (S.D. Ga. Aug. 19, 2009).

The Court cannot rule on the exhaustion issue because the reason for the state court's otherwise substantial delay in ruling on his Richmond County court motion is unclear, so a response from the state is warranted

here. The Court therefore **DIRECTS** that a copy of the petition be served on the respondent and the Attorney General of the State of Georgia. The Clerk is hereby **DIRECTED** to forward to the Marshal sufficient copies of this Order and the petition for service upon the respondent by certified mail and upon the Attorney General of the State of Georgia, directed to the attention of Deputy Attorney General Paula Smith, by regular mail. The Marshal's return shall constitute prima facie evidence of service of process.

The respondent is therefore **ORDERED**, within thirty days after service of this Order, to file a response and to show cause why the relief sought should not be granted. The answer shall conform to the requirements of Rule 5 of the Rules Governing § 2254 Cases in the United States District Court. Respondent shall furnish with the answer a copy of any and all relevant court filings, and he may file a motion to dismiss on exhaustion grounds if it can be properly supported.

Finally, this case is **TRANSFERRED** to the Dublin Division of this Court (where Chester, Georgia -- his prison -- is located) in light of the

fact that Tubman remains incarcerated there.[5]

**SO ORDERED** this 30TH day of July, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[5] As has been explained:

> Venue for a habeas action is proper in either the district of confinement or the district of conviction. See 28 U.S.C. § 2241(d). However, where, as here, the petition is directed to the manner in which a sentence is being executed, the district of confinement is the preferable forum. See *Dunn v. Henman*, 875 F.2d 244, 249 (9th Cir.1989) (stating, in 28 U.S.C. § 2241 action, that "[t]he proper forum to challenge the execution of a sentence is the district where the prisoner is confined."). . . .

*Hill v. Amager*, 2008 WL 1944552 at *1 (C.D. Cal. May 1, 2008); *Adkins v. Warden*, FCI-Marianna, 2014 WL 840067 at * 2 (N.D. Fla. Mar. 4, 2014). Here, the *district* is correct but the *division* (Savannah) within that district is not. So, this case must be transferred to the Dublin division of this Court.

7